ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 2 2005

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

JERRY JOE TUBBLEVILLE          §
                               §
          Petitioner,          §
                               §
VS.                            §          NO. 3-05-CV-0940-K
                               §
DAN JOSLIN, Warden             §
FCI Seagoville                 §
                               §
                               §
          Respondent.          §


## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jerry Joe Tubbleville, appearing *pro se*, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

### I.

Petitioner was convicted of various drug distribution offenses and a related charge of using or carrying a firearm during and in relation to a drug trafficking crime. Punishment was assessed at 272 months confinement. His conviction and sentence were affirmed on direct appeal. *United States v. Tubbleville*, 90-3269 (5th Cir. Nov. 7, 1990). Petitioner also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied. *United States v. Tubbleville*, No. 89-269-CR (E.D. La. Jun. 19, 1991). The Fifth Circuit recently denied leave to file a successive section 2255 motion. *In re Tubbleville*, No. 05-30270 (5th Cir. Apr. 19, 2005).

In an apparent attempt to circumvent that ruling, petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Process has been withheld pending a determination of his application to proceed *in forma pauperis*.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted an affidavit in support of his application to proceed *in forma pauperis*. A statement of his inmate trust account is attached. The record shows that petitioner has $57.90 on deposit with prison officials. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## RECOMMENDATION

The application to proceed *in forma pauperis* should be denied. Petitioner should be ordered to pay the statutory filing fee by **June 10, 2005.** If he fails to do so, this case should be dismissed without further notice.

DATED:  May 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE