IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY JOE TUBBLEVILLE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0940-K |
| | § | |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jerry Joe Tubbleville, an inmate at FCI-Seagoville, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of subject matter jurisdiction.

I.

Petitioner was convicted by a federal jury in the Eastern District of Louisiana of various drug and firearm offenses. Punishment was assessed at a total of 272 months confinement followed by supervised release for a period of six years. His conviction and sentence were affirmed on direct appeal. *United States v. Tubbleville*, No. 90-3269 (5th Cir. Nov. 7, 1990). Petitioner also filed two motions to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The first motion was denied on the merits. *United States v. Tubbleville*, No. 89-269 (E.D. La. Jun. 19, 1991). The second motion was dismissed as successive. *United States v. Tubbleville*, No. 89-269 (E.D. La. Jul. 30, 1992). The Fifth Circuit recently denied leave to file a successive section 2255 motion. *In re Tubbleville*, No. 05-30270 (5th Cir. Apr. 19, 2005).

Undeterred, petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. In his sole ground for relief, petitioner contends that his sentence was enhanced by factors not alleged in the indictment or determined by a jury as required by *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1]  Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Although petitioner's *Booker* argument was foreclosed by Fifth Circuit precedent at the time

---

[1] In *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extends that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 125 S.Ct. at 755-56.

of his trial, appeal, and first section 2255 motion, such a claim does not implicate his conviction for a substantive offense. Moreover, *Booker* does not apply retroactively to cases on collateral review. *Booker*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Elwood*, ___ F.3d ___, 2005 WL 976998 at *3 (5th Cir. Apr. 28, 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). That petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *Jackson v. Joslin*, 2005 WL 743056 at *1 (N.D. Tex. Mar. 31, 2005), *rec. adopted*, 2005 WL 1018027 (N.D. Tex. Apr. 28, 2005) (Buchmeyer, J.). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### III.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek habeas relief from the court which sentenced him. 28 U.S.C. § 2255; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), *citing Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990). This filing requirement is jurisdictional. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Because petitioner was convicted and sentenced in the Eastern District of Louisiana, jurisdiction is proper only in that district.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 8, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE